JACKSON & McGINNIS *v.* THE RECEIVERS OF THE PEOPLE'S BANK OF PATERSON.

1. The language of the seventeenth section of the act to prevent frauds by incorporated companies (*R. S.* 135), giving the right of appeal to any person or persons who should think himself or themselves aggrieved by the proceedings of the receivers appointed under the act, is very comprehensive, and would seem to have been adopted for the purpose of embracing every question which could possibly be brought before the receivers for their action.

2. And the right of appeal is not confined to a creditor who has a naked claim against the company, but extends to questions where a set-off is involved.

3. So, where parties applying to receivers appointed by this court for a settlement of their accounts with a bank, admitted that the bank held their promissory note, but claimed a set-off, and insisted that the bank was largely indebted to them for interest money, commissions, &c., and the receivers decided upon the accounts of the respective parties, and refused to allow the set-off, it was held that they were "*parties aggrieved*" by the determination of the receivers, and they could not be denied the right of appeal given them by the statute.

4. The appellant, in his petition of appeal, should state his case fully, and the particulars in which he is aggrieved. By the answer of the receivers, the issue will be formally made between the parties. If the facts are controverted, proof can be taken in the ordinary way.

5. The practice of the court settled in like cases, until otherwise ordered.

This was a matter of appeal from receivers. It was heard at October Term, 1852, on motion to dismiss the appeal.

*A. Whitehead* moved to dismiss the appeal, on the ground that it was a matter from which an appeal would not lie, and relied upon the statute. *R. S.* 129, §§ 11, 12, 13, 15, 17.

*P. D. Vroom, contra,* cited *Suydam* v. *M. Bank of N. B.,* 2 *Green's Ch. R.* 114; *S. C.,* 277; *Runyon* v. *Farmers' and Mechanics' Bank of New Brunswick,* 481.

THE CHANCELLOR. On the argument of this motion, I intimated, as my impression, that this was a case not con-

templated by the statute which gives an appeal from the receivers to the Chancellor. But, on examination of the different sections of the act, I am satisfied that this appeal will lie, and that the cases of Suydam v. The F. and M. B. of N. B., and Runyon v. Same Bank, are authorities to sustain this appeal.

The language of the seventeenth section of the act is very comprehensive, and would seem to have been adopted for the purpose of embracing every question which could possibly be brought before the receivers for their action, and by which action any person could complain of being aggrieved. The section referred to gives the right of appeal to any person or persons whatever, who should think themselves or himself aggrieved by the *proceedings* or *determination* of the said receiver or receivers, or trustees, in the discharge of their duty; and the Chancellor is to hear and determine the matter complained of in a summary way, and make such order touching the same, as shall be equitable and just.

The counsel for the receivers insists that this right of appeal is confined to the proceedings and determination of the receivers, in reference to a creditor who has a naked claim against the company, and presents it for a dividend, or other cause, where a person claims to be a creditor of the company, and to come in for a dividend of its assets, for a balance alleged to be due him; and it is necessary, in order to ascertain the amount due, and entitle the creditor to come in for a dividend, that the dealings and transactions between him and the company should be adjusted by the receivers. That these matters being necessarily submitted to the determination of the receivers, and their determination binding, an appeal lies to the Chancellor, and in no other cases.

The receivers insist that it appears by the appeal that the claim of Jackson & McGinnis is not presented for a dividend, but only in diminution of a larger demand held by the receivers against them, against which they require the receivers to allow and set off their demand.

That where the question of a set-off is involved, and as

in this very case, the receivers claiming that there is a large amount due from the claimant to the bank, and denying altogether the legality of the claims he presents; or in any other case where the receivers hold a promissory note, or any other evidence or claim of debt, against an individual, no appeal can be taken from their decision disallowing such set-off or claim.

The argument is, that in the case of a naked creditor, the decision of the receivers is conclusive upon the rights of the parties—the creditor having no right to institute a suit at law against the receivers, he has no redress but by appeal to the Chancellor, while in the case of a debtor, their decision has no binding efficacy—they cannot enforce their decision, but must prosecute the debtor upon the original contract. The argument only proves that the debtor may possibly have some advantage in this respect.

In this case Jackson & McGinnis appealed to the receivers for a settlement of their accounts with the bank. They admit the bank holds their promissory note; they claim a set-off, and insist the bank is largely their debtor for interest money and commissions; and they further present for allowance the bills of the bank to a large amount. The receivers decide upon the accounts of the respective parties, and they refuse to allow the set-off; and their determination is, that they will prosecute Jackson & McGinnis, and put them to establishing their counter claims in a suit at law. Are they not, in the very terms of the statute, "*parties aggrieved*" by this determination of the receivers? Is it any sound reason that they should be denied the right of appeal given them by the statute, because they may, notwithstanding the decision of the receivers, is adverse to their claims, set them up in a suit at law?

Jackson & McGinnis, by this appeal, have submitted to the jurisdiction of the Chancellor, under the statute, and the Chancellor, being vested by the act, in the execution of the powers and authority conferred by it, with all the jurisdiction and power which is lawful for the Court of Chancery to exercise in suits depending in the court, will so mould the

proceedings as to make the decision binding and conclusive on the parties, except so far as that decision may be subject to an appeal to a higher tribunal. In the same section which gives this right of appeal, it is declared that "all cases brought before the Chancellor under this act shall be considered as depending in the Court of Chancery, and the orders and decisions carried into effect the same as in other causes of equity jurisdiction."

It was further suggested on the argument that there were great embarrassments in conducting the proceedings of an appeal in a case like this—that there are no proceedings or determination of the receivers recorded or reduced to writing, and consequently nothing to be sent up to the Chancellor as the foundation for any further proceedings. But as this whole matter is under the control of the Chancellor, there can be no difficulty in adopting such proceedings as may be requisite to answer the ends of justice and the object of the statute.

The appellant, in his petition of appeal, should state his case fully and the particulars in which he is aggrieved. By the answer of the receivers to the petition, the issue will be formally made between the parties. If there is no dispute as to the facts the case will be decided upon these pleadings. If the facts are controverted, proof can be taken in the ordinary way, and the matter be brought to a hearing and final determination, according to the usual practice in similar cases. It is one of those cases where the court will provide for the difficulties as they arise. The object of the statute will be attained, by disposing in a summary way, and with as little expense as possible, of all controversies which may retard the final settlement of the affairs of the insolvent institution.

As this is a new case, let the appellants amend their petition of appeal, if it be necessary, so that their whole case be fully presented—let a copy of the petition be served on the receivers, with an order to answer in twenty days—and let the petitioners bring the appeal to a final hearing within

Jackson et al. v. The People's Bank.

thirty days after answer, and on giving eight days' notice; and on failure of the petitioners bringing the appeal to hearing, the receivers are at liberty to have the appeal dismissed, or to notice the same for hearing, at their option. Let this be considered as the practice of the court in like cases, until otherwise ordered.